Bates' ex'ors. *vs.* Best's ex'ors.

DEBT.

APPEAL FROM GARRARD CIRCUIT.

Case 18.

Chief Justice SIMPSON delivered the opinion of the court.

July 3.

1. Before the statute of 1842-3, (*Sess. Acts*, 11,) it was the settled law of this state that an agent could not bind his principal by a sealed instrument, without a power under seal. (4 *Monroe*, 41; 5 *B. Monroe*, 74.) Since the passage of the Revised Statutes the seal is not essential to give such authority. (*Rev. Stat. chap.* 28, § 2.)

2. If an agent execute a note under seal without authority to do so, his principal may ratify such act by his subsequent conduct—as by paying the note in part, and receiving a credit indorsed upon the note. A credit indorsed upon a note so given, proved to be in the hand writing of the payee, who was dead, was competent evidence to go to the jury to show a confirmation of the act of the agent; the effect to be left to the jury.

3. Indorsement of credit upon a note, fairly made at the time it bears date, (which will be inferred from its face in the absence of opposing circumstances,) will create a presumption that the sum

mentioned was paid at the time, and the burden of proving the date to be false lies upon the other party. (*Greenleaf on Evidence*, 145.)

Case stated.

The executors of Daniel Bates sued the executors of E. Best on a note under seal, for five hundred dollars, executed on the 1st October, 1830, and payable one day after date.

The defendants filed a plea of payment, and also the plea of *non est factum*.

The note was executed by an agent under a written authority not under seal, which fact was proved upon the trial. It also appeared in proof that the agent had a verbal authority to borrow the money, and to execute a note in the name of his principal, for the sum borrowed, and that when the principal received the money he expressed himself well pleased with what the agent had done, but the latter did not tell him that the note he had executed for him was a sealed instrument. It was also proved upon the trial that there was a credit of two hundred and fifty dollars indorsed on the note sued upon, which credit was dated the 10th of March, 1833, and was in the handwriting of John Bates who was dead.

Upon this proof the plaintiffs offered to read the note sued on to the jury, which was objected to on the ground that the note was under seal, and there was no evidence that the defendant's intestate had authorized the agent to execute, in his name, a writing of that description.

It was the settled law, at the time the writing sued on was executed, that the agent could not, without authority under seal, bind his principal by a sealed instrument. (4 *Monroe* 41; 5 *B. Monroe*, 74.) Every sealed instrument was in legal estimation a *deed*, and the authority to execute it had to be conferred by a writing possessing the solemnities and dignity of a *deed*. No mere parol authority, either written or verbal, was sufficient, and consequently the agent in this case had no power to execute a note under seal, in the name of his principal.

1. Before the statute of 1842–3, (*Sess. Acts*, 11,) it was the settled law of this state that an agent could not bind his principal by a sealed instrument, without a power under seal. (4 *Monroe*, 41; 5 *B. Monroe*, 74.) Since the pas-

This rule of law was to some extent modified by the act of January, 1843. (*Session Acts*, 1842–3, 11.) By that act every instrument of writing thereafter executed was made as effectual and had the same dignity in law without a seal or scroll as with one. The same provision has been incorporated into the Revised Statutes, (*chap.* 28, *sec.* 2.) So that, as the law now stands, an authority by a private individual, conferred by a writing not under seal, is equal in every respect to one that is conferred by a sealed instrument, imparts the same powers, enables the agent to perform the same acts, and to execute the same kind of written instruments in the name of the principal. But as the note sued on in this case was executed before these laws were enacted, its validity must depend upon the previous law.

sage of the Revised Statutes the seal is not essential to give such authority. (*Rev. Stat. chap.* 28, §2.)

The authority to execute the note being by parol, and therefore insufficient, the only remaining inquiry is, whether there was any evidence from which the jury might have inferred a confirmation, by the principal, of the writing in the form it was made, after it had been executed, or whether the evidence was insufficient for that purpose.

A credit of two hundred and fifty dollars had been indorsed upon the note. The individual who had written the indorsement was dead, but his hand-writing was proved. If the payment were made by the obligor, the note being present at the time, and inspected by him, it amounted to an acknowledgment of the debt and a confirmation of the note. These were facts to be determined by the jury. As it is the usual, ordinary, and well-known course of business, that partial payments are indorsed upon the back of the writing at the time they are made, and generally in the presence of the person making the payment, the credit upon the note furnishes some evidence of the existence of such facts. The sufficiency of the evidence was a matter for the jury to determine. It is not necessary to decide whether the indorsement of the credit on the note could be read as evidence.

2. If an agent execute a note under seal without authority to do so, his principal may ratify such act by his subsequent conduct—as by paying the note in part, and receiving a credit indorsed upon the note. A credit indorsed upon a note so given, proved to be in the hand writing of the payee, who was dead, was competent evidence to go to the jury to show a confirmation of the act of the agent; the effect to be left to the jury.

BATES' EX'ORS
vs.
BEST'S EX'ORS.

3. Indorse-
ment of credit
upon a note,
fairly made at
the time it bears
date, (which
will be inferred
from its face in
the absence of
opposing cir-
cumstances,)
will create a
presumption
that the sum
mentioned was
paid at the time,
and the burden
of proving the
date to be false
lies upon the
other party.
(*Greenleaf on
Evidence,* 145.)

without any proof that it was genuine, and a pay-
ment had been actually made at its date, for which
it had been entered, because it was proved to be in
the hand-writing of a person who is dead, and who,
if living, might be a competent witness to establish
the fact, and being against the interest of the party
holding the possession of the security, such proof
should be deemed sufficient evidence that the indorse-
ment was genuine.

Indorsements of partial payments on the back of
a bond or note are sometimes relied upon, as acknowl-
edgments by the debtor, at the date of such indorse-
ments, of the continued existence of the debt, not-
withstanding the lapse of time since its creation may
have been such as to raise the presumption of pay-
ment. And it has been held, that when an indorse-
ment is shown to have been made at the time it bears
date, (which will be inferred from its face in the ab-
sence of opposing circumstances,) the presumption
naturally arising is, that the money it mentions was
paid at that time, and the burthen of proving the date
to be false lies upon the other party. (*Greenleaf on
Evidence,* 145.) It is not necessary, however, in this
case to carry the doctrine to that extent The in-
dorsement was not relied upon to prove itself, but
testimony was introduced in support of it. We re-
gard this testimony as sufficient, under the circum-
stances, to show that the payment was made at the
date of the indorsement; but whether it was made
by the obligor in person, and the note was present
and exhibited at the time, are matters of mere infer-
ence and presumption, which it is the exclusive pro-
vince of the jury to decide.

We think, therefore, the court erred in refusing the
plaintiffs permission to read to the jury the note sued
upon. The note and the credit indorsed thereon
should have been submitted to their consideration,
with the other evidence introduced before them, and
they should have been informed that the agent had
no authority to execute a sealed instrument in the

name of his principal, and that the note sued on was not obligatory upon the latter, unless it was subsequently confirmed by him, and it was for them to decide whether or not such confirmation had been made.

Wherefore the judgment is reversed, and cause remanded for a new trial, and further proceedings consistent with this opinion.

*Caperton*, for appellants ; *Turner*, for appellees.