WILLIAM PEARS v. JOHN D. WILSON, MARY WILSON, AND JACOB LEU.

INDORSEMENTS *Presumed to be True; Statute of Limitations.* Where the plaintiff in an action on a promissory note and a mortgage gives a copy of the note with the indorsements thereon, and makes the same a part of his petition, which note has the following indorsements thereon, to wit: "June 1, 1872, paid one hundred dollars on note and mortgage;" "April 2, 1874, paid on within note fifty dollars," and the plaintiff alleges in his petition that the payments as indorsed on said note were made by the persons who executed said note and mortgage, and there was no denial, verified by affidavits, of these indorsements, or of any allegation concerning them, and said note and mortgage would have been barred by the statute of limitations, except for said alleged payments, *held,* that said indorsements must be taken as true, and that it will be presumed (in the absence of anything showing the contrary) that the parties who executed the note and mortgage made the payments as indicated by such indorsements, and therefore that the plaintiff's cause of action is not barred by any statute of limitations, not even as to the holder of a subsequent mortgage.

*Error from Atchison District Court.*

ACTION on a promissory note and a mortgage, brought by *Pears* against *Wilson* and two others. Trial January 19, 1878, by the court, which made certain special findings of fact, and thereon found the following conclusions of law:

"1st. That defendant Leu is entitled to judgment against his co-defendants, John D. Wilson and Mary Wilson, in the sum of $309 on said note, and the same shall draw interest at the rate of twelve per cent. per annum from date hereof.

"2d. That the plaintiff is entitled to a judgment against

said defendant John D. Wilson, on his said note for the sum of $2,718.24, to draw interest at ten per cent. from date of judgment.

"3d. That the amount so found due defendant Jacob Leu is a first and prior lien on lot No. 8, in block lettered 'X,' in the city of Atchison, county of Atchison, and state of Kansas, and that same stands charged with the payment of said judgment.

"4th. That the amount so found due to said plaintiff from said defendant John D. Wilson is a second lien on said described real estate, and same stands charged with the payment thereof, subject to the lien of said defendant Jacob Leu.

"5th. That the claim of the plaintiff is, and was at the time of commencement of this suit, barred by the statute of limitation of the state of Kansas; that the defendant Jacob Leu, having pleaded and set up such bar of the statute of limitation, is entitled to the benefit thereof, as against the plaintiff, and to enforce his lien as being prior."

The court rendered judgment accordingly, to which plaintiff excepted, and brings the case here.

*W. W. Guthrie*, and *Pierce & Walker*, for plaintiff in error. *Everest & Waggener*, for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action on a promissory note and a mortgage; and the principal question involved in the case is, whether the note and mortgage were barred by the statute of limitations, or not. The note was given by John D. Wilson to William Pears, for $1,500, dated June 1, 1868, and due two years after date. The mortgage was a real-estate mortgage, given at the same time by said Wilson and wife (Mary Wilson) to said Pears, to secure the payment of said note. On the back of said note the following words were indorsed, to wit: "June 1st, 1872, paid one hundred dollars on note and mortgage." "April 2d, 1874, paid on within note fifty dollars." This action was commenced May 10, 1877, by said Pears, against said Wilson and wife, and also against one Jacob Leu, who it was alleged claimed to have some interest in the mortgaged property, but who in fact had no such

interest. It was also specifically alleged in the plaintiff's petition, that said Wilson and wife paid said sums of money as indorsed on said note, and at the times therein specified. And it was further alleged, that said indorsements were made at the request of the defendants; and a copy of said note, with the indorsements thereon, is attached to the plaintiff's petition and made a part thereof. The Wilsons did not make any defense to the plaintiff's action, but Leu filed an answer and cross-petition, setting forth various defenses and cross-actions, among which were a general denial, a plea of the statute of limitations, that the mortgaged property belonged absolutely to him (Leu), and that he also had a mortgage on the property. No part or portion of this answer and cross-petition was verified by affidavit. The plaintiff replied to this answer and cross-petition, and the Wilsons answered thereto. A trial was then had before the court without a jury, and the court made various special findings, among which are the following:

"3. That on the back of said note, sued on by the plaintiff, the following words appear thereon: 'June 1st, 1872, paid one hundred dollars on note and mortgage. April 2d, 1874, paid on the within note fifty dollars;' which writing was conceded to be in the handwriting of the plaintiff. And there was no evidence on the trial of the case when the writing on the back of said note was in fact made, or that any sums of money had ever been paid on said note, by either of said defendants. Said note so written upon was offered and read in evidence, over the objection and exception of Jacob Leu. Plaintiff is now the holder and owner of such note, and the mortgage to secure the same.

"4. There was no evidence received or offered on the trial of said case, showing payment of any sum or sums of money on said note, other than the said writing or indorsements on the back of said note. The said note and said mortgage were offered in evidence by plaintiff, the statement made by Wilson in finding No. 10 being no evidence of such payment."

"10. That said defendant, John D. Wilson, makes no defense to the claim of plaintiff, and since the commencement of this suit, by deposition in this case, read on this trial, he has

testified the amount of said note to be due and unpaid, except the credits thereon."

The court below held that the plaintiff's note and mortgage were barred by the statute of limitations, and, as between him and Leu, rendered judgment accordingly. In this we think the court below erred. Sec. 108 of the civil code provides that "in all actions, allegations of the execution of written instruments and indorsements thereon . . . shall be taken as true, unless the denial of the same be verified by the affidavit of the party, his agent or attorney." Now no allegation of the petition concerning said indorsements on said promissory note was put in issue by any denial verified by affidavit, and hence all said allegations, and said indorsements "must be taken as true." And everything that these indorsements will reasonably prove must also be taken as true, unless the contrary is shown to be true. Thus, it must be taken as true that on June 1, 1872, a payment of one hundred dollars was made on plaintiff's said note and mortgage, and that on April 2, 1874, another payment of fifty dollars was made on the note. (See 1 Greenl. Ev., §§ 121, 122.) And as men seldom pay debts unless they are liable to pay them, it must also be presumed that these payments were made by said John D. Wilson, who was liable on the note, or by himself and wife, who were jointly liable on the mortgage. Indeed, it will generally be presumed, where a payment is shown to have been made, but where it is not shown who made it, that the party who is under legal obligation to make the same, made it. (*Scholey v. Walshy*, Peake's N. P. Cases, 24.) It would be so much outside of the ordinary course of things — so unnatural — that any other person should make the payments, that no presumption or supposition of that kind could be indulged in for a moment; and presuming that Wilson, or Wilson and wife, made said payments, as the same are indorsed on said note, then neither said note nor mortgage was ever barred by any statute of limitations, not even as to the defendant Leu. (*Waterson v. Kirkwood*, 17 Kas. 9, 13, 14.)

The judgment of the court below will be modified so as to make the plaintiff's mortgage the prior lien. In other respects the judgment will remain as rendered by the court below.

HORTON, C. J., concurring.