to consider and decide. The case was submitted to them, as that was required to be done by this view of it; and, as the evidence sufficiently supported the controverted points in it to require the case to be decided by the jury, their verdict must be regarded as final, and the judgment and order from which the appeal has been taken should be affirmed.

VAN BRUNT, P. J., and BRADY, J., concur.

## HENDRICKS *v.* WOLFF *et al.*

(*Supreme Court, General Term, First Department.* June 19, 1888.)

PLEADING—SETTING OUT PROMISSORY NOTE—LEGAL EFFECT.

  A complaint in an action against the makers of a promissory note payable to the order of and indorsed by themselves, which sets out a copy of the note and indorsement, and alleges that plaintiff is the lawful owner and holder of the note; that it was delivered to plaintiff before maturity, and at maturity payment was demanded and refused; that a certain sum, with interest thereon, is still due and owing to plaintiff,—states a good cause of action under Code Civil Proc. § 534, which provides that, in an action on an instrument for the payment of money, plaintiff may set forth a copy of the instrument, and state that there is due him from the adverse party a certain sum which he claims, and that such allegation is equivalent to setting forth the instrument according to its legal effect.

Appeal from special term, New York county; ABRAHAM R. LAWRENCE, Justice.

Action brought by Mortimer Hendricks against Charles G. Wolff and Richard Roe, composing the firm of Charles G. Wolff & Co. The complaint alleges "that the above-named plaintiff is the lawful owner and holder for value of a certain promissory note or instrument in writing, made by the defendants, of which the following is a copy: '1800. NEW YORK, February 17, 1885. Ten months after date, we promise to pay to the order of ourselves eighteen hundred dollars, (with int.,) at our office in the city of New York. Value received. CHAS. G. WOLFF & Co.' Indorsed: 'CHAS. G. WOLFF & Co.' That the said note was, before the maturity thereof, delivered to the plaintiff, and duly presented for payment upon the maturity thereof, and payment thereof was refused, and no part thereof has ever been paid; and that the said sum of $1,800, with interest thereon, is still due and owing the plaintiff. Wherefor the plaintiff demands judgment," etc. To this complaint the defendant Wolff, who was alone served with process, demurred on the ground "that the complaint does not state facts sufficient to constitute a cause of action." The demurrer was heard at special term, and overruled in the following opinion by LAWRENCE, J.:

"I am of the opinion that the demurrer interposed by the defendant to the amended complaint should be overruled. The action is upon a promissory note which it is alleged was made by the defendants. A copy of the note is set forth, from which it appears that the note was made payable by Charles G. Wolff & Co., and that it was indorsed by Charles G. Wolff & Co. The complaint then alleges, said note was, before the maturity thereof, delivered to the plaintiff, and duly presented for payment upon the maturity thereof, and payment was refused; that no part thereof has ever been paid; and that the said sum of $1,800, with the interest thereon, is still due and owing to the plaintiff. It seems to me that this is a sufficient compliance with the provisions of section 534 of the Code. The defendants being the makers of the note, and being sued thereon as such, the allegation that the sum of $1,800, with interest thereon, is due and owing to the plaintiff, is the equivalent of alleging that said sum is due and owing from defendant to plaintiff. There are no other parties before the court, and it would be applying too strict a rule of construction to the language used by the pleader to hold that the allegation as to the amount due has or can have reference to any other parties

than those who are alleged to have made the note, and by whom, on the face of the complaint, it appears to have been indorsed. See remarks of WRIGHT, J., in *Conkling* v. *Gandall*, *40 N. Y. 231, 232. The defendants cannot possibly be misled, there being no mistake about the fact sought to be averred; and the allegation should be liberally construed, with a view to substantial justice between the parties. *Keteltas* v. *Myers*, 19 N. Y. 233, per ALLEN, J. Then as to the indorsement. The language of the complaint is: 'Indorsed: "CHARLES G. WOLFF & Co."' It does no violence to language to hold that such a statement is equivalent to an allegation that 'it' (the note) was indorsed by Charles G. Wolff & Co., the makers and payees. It is averred that the note, before maturity, was delivered to the plaintiff. If the note was delivered by a party who had no title to it, that would be a matter to be pleaded by the answer as a matter of defense, but the fair import of the language is that the delivery was made by the defendants, after, by indorsement, they had made the note negotiable, and in effect a note payable to bearer. In such a case it is not, and was not before the Code, necessary for the holder of the note to allege or prove, in an action against the maker, the transfers through which plaintiff derives his title. The engagement being to pay to bearer, that fact must be stated in the complaint, and its statement is a sufficient allegation of title; for it is the fact, and not the evidence of the fact, which is required to be pleaded. *Bank* v. *Straiton*, 5 Abb. Pr. (N. S.) 11, per SCRUGHAM, J., in delivering the opinion of the court. Now, in this case, it is alleged that plaintiff is the owner and holder, for value, of the note. We may reject the word 'lawful,' as stating a mere conclusion of law, but the fact still remains asserted by the plaintiff that the note was transferred to him before maturity, and that he is the owner and holder of it for value. This makes out a *prima facie* case of indebtedness on the part of the defendants, and should put them, I think, to a defense on the merits. *Prindle* v. *Caruthers*, 15 N. Y. 420; *Keteltas* v. *Myers*, 19 N. Y. 232; *Allen* v. *Patterson*, 7 N. Y. 476. The case of *Rose* v. *Meyer*, 7 Civ. Proc. R. 219, was an action for the foreclosure of a mortgage, which is not an instrument for the payment of money only. *Peyser* v. *McCormack*, 7 Hun, 300. Judgment will therefor be rendered overruling the demurrer, with leave to the defendants to answer on payment of costs."

From the judgment so entered defendant Wolff appealed. Code Civil Proc. § 534, is as follows: "Where a cause of action, defense, or counter-claim is founded upon an instrument for the payment of money only, the party may set forth a copy of the instrument, and state that there is due to him thereon, from the adverse party, a specified sum, which he claims. Such an allegation is equivalent to setting forth the instrument according to its legal effect."

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Edmund R. Dodge*, for appellant. *Abram Kling*, for respondent.

PER CURIAM. The judgment appealed from should be affirmed upon the opinion of the court below, with leave, however, to the defendant to answer within 20 days, upon payment of the costs in the court below, and the costs of this appeal.

---

BEARDSLEY *et al.* v. JOHNSON *et al.*

*(Supreme Court, General Term, First Department. June 19, 1888.)*

1. CORPORATIONS—ELECTION OF DIRECTORS—WHEN HELD—CONSTRUCTION OF STATUTE. 1 Rev. St. N. Y. p. 604, § 8, providing for an election of directors of any incorporated company within 60 days after the appointed time, in case for any reason an election is not held on the appointed day, is directory merely; and where the by-laws of a corporation provide for an election on the third Tuesday in November, and no election is held from November, 1879, until October 15, 1881, the last election is legal, and the service of a summons in 1883, upon a director elected at the first election, is void.