MARY E. REED *et al.* v. E. D. HUMPHREY.

No. 13,595.   (76 Pac. 390.)

#### SYLLABUS BY THE COURT.

1. LIMITATION OF ACTION—*Allegation of Absence not Demurrable.* A petition upon an implied contract, which discloses a liability of more than three years' standing, but which alleges that defendant has continuously resided out of the state since a time prior to the accrual of the cause of action, sufficiently shows that the statute of limitations may not have run to prevent the raising of that defense by demurrer.

2. PRINCIPAL AND SURETY—*Action for Reimbursement after Dormancy of Judgment.* A surety who, under legal compulsion, pays a judgment against his principal and himself, may maintain an action against his principal for reimbursement, although at the time of such payment the judgment could not in any manner have been enforced against the latter, on account of its having been dormant as to him for more than a year.

3. ———— *Joint Judgment Conclusive as to Liability of Principal.* In an action against a principal by a surety who has paid a judgment rendered against both, the principal is concluded by the judgment from denying his original liability to the judgment creditor.

Error from Dickinson district court; O. L. MOORE, judge. Opinion filed April 9, 1904. Reversed.

*Garver & Larimer*, and *T. E. Dewey*, for plaintiffs in error.

*H. L. Humphrey*, for defendant in error.

The opinion of the court was delivered by

MASON, J.: This is a proceeding to review the ruling of the district court in sustaining a demurrer to a petition which alleged substantially the following facts: In 1884 Lewis A. Reed and William S. Hodge, the owners of certain real estate, executed a mortgage upon it, securing a note to William Boardman. Reed afterward conveyed his interest in the property

to Hodge, who agreed to relieve Reed of liability on the note. Hodge then conveyed to one C. J. Mc-Divitt, who in turn conveyed to E. D. Humphrey, each deed including an assumption of the mortgage by the grantee. In a suit to foreclose the mortgage a personal judgment was rendered against Hodge, Reed and Humphrey for $5325, on September 16, 1890. The real estate was sold under the judgment on June 8, 1891, for $3000. Reed having died on May 13, 1893, the judgment was revived against his administratrix on April 25, 1894, and upon appeal to the district court from the probate court was, on June 26, 1894, allowed as a claim of the fourth class against the estate. The administratrix paid the balance due on the judgment on April 8, 1896, and later, upon her discharge, her claim against Humphrey, based upon her payment of the judgment, was assigned to Reed's heirs, who brought this action against him upon such claim. The petition was filed March 30, 1901, and contained an allegation that the defendant was and had been continually for more than eight years a nonresident of Kansas and a resident of Oklahoma.

It is contended by defendant in error that the demurrer was rightfully sustained because the action, having accrued more than three years prior to the filing of the petition, was barred by the statute of limitations. It is argued that the allegation that defendant had been at all times a non-resident of the state is not sufficient to forestall the attack by demurrer, and *Coale v. Campbell*, 58 Kan. 480, 49 Pac. 604, and *Investment Co. v. Bergthold*, 60 id. 813, 58 Pac. 469, are cited in support of the argument. The former decision did not involve a question of pleading, and merely held that the fact of non-residence did not prevent the running of the statute. The latter con-

Reed v. Humphrey.

sidered the effect of a demurrer to a reply which sought to bring plaintiff within an exception to the statute, and held that an allegation of non-residence was not sufficient for that purpose, as it was not equivalent to an allegation of personal absence from the state.   An important distinction, however, is to be noted between that case and this.   It is not incumbent upon the plaintiff in the first instance to show by his petition that his claim is not barred.   It is sufficient that he does not show that it is barred. ''A demurrer can be sustained on the ground that the cause of action is barred only when it clearly appears upon the face of the petition that it is barred; and if the bar is not so shown, it must be raised by answer.'' (*Walker v. Fleming*, 37 Kan. 171, 176, 14 Pac. 470, 472.)   But when the statute is interposed in the answer as a matter of defense, it devolves upon plaintiff in his reply to set out facts showing that the statute has not run against his claim; and in order to bring himself within any exception, he must plead facts showing not merely that the statute may have been suspended, but that it must have been.   There are many cases holding that exceptional conditions relied upon as tolling the statute must be strictly pleaded, but they are ordinarily cases in which the question arose upon demurrer to the reply, or in which the distinction pointed out was not noted.   On the other hand, there are well-considered cases holding that averments in the petition suggesting matters that might prevent the running of the statute are subject to the same rule as those regarding the time when the cause of action arose, and that although it is distinctly shown that the statutory period has expired, and is not shown that facts exist to take the case out of the statute, yet the pleading is good against demurrer if

it point out some circumstance which *may* have prevented its running.

In *Kennedy v. Williams*, 11 Minn. 314 (Gil. 219), the complaint was upon a note that had been due for more than six years (the limitation period). A partial payment was alleged, but its date was not given. The court said:

"But the complaint shows that a partial payment was made at *some time*. For aught that appears, it might have been made at a date late enough to save the statute. It cannot, then, be said that the complaint, taken as a whole, *shows upon its face* that the cause of action was barred, nor that, for this reason, it fails to state facts constituting a cause of action."

In *Vose v. Woodford*, 29 Ohio St. 245, suit was brought against one of three makers of a note that was barred unless saved by payment alleged to have been made in proper time. He demurred to the petition on the ground that it was not alleged that the payments were made by him. It was conceded that a payment by another maker would not prevent the running of the statute in his favor. The court said:

"There is no legal presumption or inference, from anything stated in the petition, that they (the payments) were not made by him. If made by him, the cause of action was not barred as against him. It is only where it appears affirmatively upon the face of the petition that the cause of action therein stated is barred by the statute that such bar can be pleaded by demurrer."

These cases were cited and followed in *Meyer et al. v. Binkleman*, 5 Colo. 262. In *Coney v. Horne*, 93 Ga. 723, 20 S. E. 213, the question whether the statute had run depended upon when plaintiff's intestate became of age. The court said:

"It not appearing when Miss Taylor became of age,

or that immediately upon her reaching her majority the alleged trust vested, we are unable to determine the exact time from which the eleven years should be computed; and, consequently, the declaration does not affirmatively show upon its face that the cause of action is barred. This being so, the defense of the statute of limitations, if good at all, should have been made by plea, and not by general demurrer.''

In the case at bar the allegation of defendant's non-residence is not equivalent to one of personal absence, for it cannot be said that a non-resident is presumed to be at all times absent from the state. But an allegation of continuous non-residence in this state, and continuous residence in Oklahoma, from a time prior to the accrual of the cause of action, may well be said to create a presumption of presence in Oklahoma, and consequent absence from Kansas, for a part of that period. This being true, the situation is the same as though the pleader had alleged that the defendant had been absent from the state a part of the time, without saying how much of it, since the cause of action arose. Within the reasoning of the authorities cited, we hold that this was sufficient as against a demurrer to show that the statute of limitations might not have run against the claim. If it could be known from the record or otherwise that plaintiffs, meaning to rely wholly upon the mere fact of non-residence, intentionally omitted from the petition direct allegations as to the defendant's absence from the state, with the very purpose that the question whether his non-residence would suspend the operation of the statute might be determined, this court might doubtless be justified in holding the demurrer good. But the fact appears to be that such omission was inadvertent, and therefore a liberal rule of construction should be adopted. ''Inadvertent omissions of facts

from a pleading, especially where . . . they may be covered by broad and general allegations, are generally looked upon leniently by the courts." (*Lapere v. Luckey*, 23 Kan. 534, 537, 33 Am. Rep. 196.)

It is further argued that the judgment is no longer in force against defendant, both because it had been dormant for more than a year when this action was begun, and because it had been paid without notice being filed with the clerk of a claim for repayment, under section 480 of the code. But that notice need only be given where it is desired to preserve a remedy under the judgment itself (*Fort Scott v. Railroad Co.*, 66 Kan. 610, 72 Pac. 238), and the present action is not founded upon the judgment, but upon the fact of its compulsory payment by the administratrix. Nor is it material whether the judgment was enforceable against defendant at the time it was paid. "If at the time the payment is made the surety making such payment is himself legally bound to pay the debt, he may recover from the principal debtor or cosurety, although at the time the payment was made by him the principal or cosurety was discharged from the debt by limitation." (*Faires v. Cockerell*, 88 Tex. 428, 31 S. W. 190, 639, 28 L. R. A. 528. See, also, *Camp et al. v. Bostwick*, 20 Ohio St. 337, 5 Am. Rep. 669; *Martin v. Frantz*, 127 Pa. St. 389, 18 Atl. 20, 14 Am. St. Rep. 859.)

It is also objected that the provision of the deed to defendant by which he agreed to assume the mortgage as a part of the purchase-money did not impose a personal liability upon him. The ground of this objection is not apparent. "The word 'assumes' in the deed is usually construed to mean the same as 'assumes to pay,' and is therefore equivalent to a personal covenant by the grantee." (20 A. & E. Encycl.

of L., 2d ed., 989.)   Here each successive grantor appears to have been personally liable for the mortgage debt, so that according 'to the prevailing doctrine the assumption by the last grantee inured to the benefit of the owner of the mortgage and made the defendant a surety for the original debtor.   (20 A. &. E. Encycl. ·of L., 2d ed., 1000.)   Moreover, the judgment was conclusive upon the defendant that he was liable for the payment of the mortgage debt.   (*Dewitt v. Boring*, 123 Ind. 4, 23 N. E. 1085.)

A final contention is that no right of recovery is shown in these plaintiffs, because there is no allegation that the estate was solvent, the argument being that if there were other claims against it that would have exhausted all its assets the heirs suffered nothing by the payment of this one by the administratrix. Such insolvency is not to be presumed, however.   The presumption is, rather, from the order of the probate court for an assignment of the claim, that the debts were all paid; and the plaintiffs sue not merely as heirs, but as assignees of the administratrix.

The judgment is reversed, with directions to overrule the demurrer.

All the Justices concurring.