No. 20,056.

JOHN LIPHART, *Appellant*, v. H. G. MYERS, *Appellee*.

SYLLABUS BY THE COURT.

1. PROMISSORY NOTE—*Payment Indorsed thereon—Limitation of Action*. A receipt of money indorsed on the back of a promissory note after the statute of limitations has barred action does not indicate part payment by the maker which would revive liability.

2. SAME. In an action on a note bearing such an indorsement the petition must allege payment by the debtor in order to remove the apparent bar of the statute.

3. SAME—*Petition—Amendment—New Cause of Action—Limitation of Action*. In an action on a note bearing such an indorsement, commenced within five years (the statutory period) after the date of the indorsement, the petition did not contain an allegation of the kind mentioned. More than five years after the date of the indorsement the petition was amended to include such an allegation. *Held*, a cause of action was then stated for the first time, and too late.

Appeal from Jewell district court; RICHARD M. PICKLER, judge. Opinion filed April 8, 1916. Affirmed.

*D. M. McCarthy, G. H. Bailey*, both of Mankato, *F. W. Mahin*, and *I. M. Mahin*, both of Smith Center, for the appellant.

*R. W. Turner*, and *Donald F. Stanley*, both of Mankato, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover on two promissory notes. The petition was amended and a demurrer to the amended petition was sustained on the ground that the action was barred by the statute of limitations. The plaintiff appeals.

The petition contained two causes of action, one on each

note. The circumstances are such that if one be barred the other is barred, and consequently but one need be considered. One of the notes, with the indorsements upon it, reads as follows:

"$225.00                                    LENA, ILL., Mar. 26, 1892.
    "Thirty months after date I promise to pay to the order of G. M. Holley Two Hundred Twenty five Dollars. Value received with interest before and after maturity at the rate of 7 per cent per annum until paid.
                                                    H. G. MYERS.
    "Received $75.00 on the within Aug. 31st, 1909.
    "Without recourse pay to John Liphart.
                                            G. M. HOLLEY."

It will be observed that the five-year statute of limitations had run before the date of the $75 credit. The action was commenced within five years after the date of that credit, but the petition did not allege that the $75 was paid by the maker as part payment of the principal or interest on the note. The petition was amended to include such an allegation, but the amendment was not made until more than five years had elapsed after the indorsement of the credit on the note.

Before the amendment was made the petition did not state a cause of action. The indorsement was not a written acknowledgment of an existing liability signed by the party to be charged. Nothing else could revive liability except payment of a part of the principal or interest by the debtor. (Civ. Code, § 23.) The petition did not allege such a payment and the indorsement on the note did not either expressly or impliedly assert such a payment. An indorsement of a receipt of money, made after the statute has run, is regarded as a self-serving declaration of the creditor and not as evidence against the debtor. (*Easter v. Easter*, 44 Kan. 151, 24 Pac. 57; *Hamilton v. Coffin*, 45 Kan. 556, 558, 26 Pac. 42.) The fact of payment by the debtor is not indicated by the indorsement, but must be proved by other evidence. To permit the introduction of such evidence the petition must contain an allegation of the fact. If the petition had contained an allegation that the payment indorsed on the note was made by the debtor, the allegation would have been taken as true unless denied under oath. (*Pears v. Wilson*, 23 Kan. 343.) But without the allegation the indorsement itself did not assert payment by the debtor, nothing concerning the indorsement was taken as true, ex-

cept the date, and the petition disclosed upon its face that the action was barred. The amendment containing the necessary allegation was made after the bar of the statute was complete. A cause of action was then stated for the first time (*Railway Co. v. Bagley,* 65 Kan. 188, 69 Pac. 189), and too late.

The judgment of the district court is affirmed.