· No. 23,902.

G. H. Bernard, *Appellee,* v. L. F. Davidson et al., *Appellants.*

SYLLABUS BY THE COURT.

Promissory Note—*Allegations of Indorsements—Presumed to Be True—
. Statute of Limitations.* A petition upon a promissory note against several
makers, stating the amount due and setting out a copy with all the indorse-
ments, one of which recites a payment made on a certain day within five
years after maturity, sufficiently pleads a payment made by the defendants
at that time as against a demurrer based upon the statute of limitation.

Appeal from Trego district court; Isaac T. Purcell, judge. Opinion filed
October 7, 1922. Affirmed.

*Park B. Pulsifer, Charles L. Hunt, Clyde L. Short,* all of Concordia, and
*Herman Long,* of Wakeeney, for the appellants.

*E. A. Rea, E. C. Flood,* both of Hays, and *Dwight M. Smith,* of Kansas
City, Mo., for the appellee.

The opinion of the court was delivered by

Mason, J.: In an action by the holder of a promissory note
against several makers the defendants appeal from the overruling of
a demurrer to the amended petition. The sole question presented
is whether the making of a payment in November, 1915, was suffi-
ciently pleaded within five years from that date to show a new start-
ing point for the statute of limitation.

The note was dated October 10, 1910, and due in five years. It is
contended by the defendants that by virtue of an acceleration clause
it became due and the statute of limitation began to run at the
end of the first year, because the annual interest was not promptly
paid at that time. It is not necessary to consider that question. If
a payment in November, 1915, was sufficiently pleaded, expressly
or by fair implication, in the original petition, which was filed July
12, 1920, the demurrer was properly overruled, whether the cause of
action accrued in October, 1911, or October, 1915. And if the
amended petition was good against a demurrer only by virtue of a
formal allegation of such payment which was added July 20, 1921,
the amendment came too late, even disregarding the acceleration
clause. (*Liphart v. Myers,* 97 Kan. 686, 156 Pac. 693.)

The original petition made no explicit allegation of payments, but
stated that there was due the plaintiff $3,000 with interest from

November 13, 1915, and contained a copy of the note with all the indorsements thereon, among which appeared the following:

"Paid on Prin. Nov. 1, 1915 .................................... $6810.00
Balance due on Prin. Nov. 1, 1915 ............................ 3190.00
Pd. on Prin ................................................ 190.00
  " on Int to Nov. 13-15 ...................................· 1200.00
    Balance due ........................................ $3000.00"

On July 20, 1921, pending the hearing of the demurrer to an amended petition, these words were added to it: "That the defendant L. F. Davidson, for himself and the other defendants makers of said note on Nov. 13, 1915, paid to this plaintiff on said note the sum of $1200." As already stated, if this allegation was necessary to save the petition it came too late, inasmuch as the period of limitation had then expired. It may for that reason be disregarded.

Therefore the question presented is— Does a petition upon a promissory note against several makers, stating the amount due and setting out a copy with all indorsements, one of which recites a payment made on a certain day within five years after its maturity, sufficiently plead a payment made by the defendants at that time as against a demurrer based upon the statute of limitation? We think an affirmative answer must be given. The code provides that the allegations of a pleading shall be liberally construed with a view to substantial justice between the parties (§ 117), and that in an action on a promissory note it shall be sufficient to give a copy of it with all credits and indorsements, stating the amount due (§ 121). A petition is entitled to an especially liberal construction when attacked by demurrer upon the ground that it shows the claim sued upon to have been barred by the statute. "It is not incumbent upon the plaintiff in the first instance to show by his petition that his claim is not barred. It is sufficient that he does not show that it is barred." (*Reed v. Humphrey*, 69 Kan. 155, 157, 76 Pac. 390.) In the opinion from which this quotation is made cases are cited holding that allegations of facts showing that the statute *may* not have run are sufficient to prevent the petition from being demurrable by reason of the statute of limitation. The allegation that the amount due on the note was $3,000 with interest from November 13, 1915, when read in connection with the indorsements, fairly implies that payments had been made caring for the interest to that date and reducing the principal to that amount. And it cannot be said that the petition affirmatively shows that the last payment was made before November, 1915.

Bernard v. Davidson.

Under the code provision authorizing a short form of pleading, the pleader, in setting out an indorsement on a note, must be regarded as alleging not only that the particular words set out are written on the back of the instrument, but also that they were placed there under such circumstances as to give them the actual force they appear to have. Otherwise there would be little purpose or effect in such a statute. For illustration, if the copy of the note which is incorporated in a petition shows the name of the payee to be written across the back it must be understood without express averments that it was placed there by him or by his authority. In *Hendricks v. Wolff*, 1 N. Y. Supp. 607, 608, it was said: "The language of the complaint is: 'Indorsed: "Charles G. Wolff & Co.," ' It does no violence to language to hold that such a statement is equivalent to an allegation that 'it' (the note) was indorsed by Charles G. Wolff & Co., the makers and payees." (See, also, *National Bank v. Elliott*, 46 Kan. 32, 26 Pac. 487.) "By the enactment of this statute the legislature obviously intended that the statements therein prescribed, when adopted by the pleader, should be the equivalent of, and should imply and import all that it would otherwise be necessary to specifically allege in the statement of a sufficient cause of action." (*Dykeman v. Johnson*, 83 Ohio St. 126, 133.) The practice of keeping a record of payments on the back of a promissory note is so general and so well understood that the allegations of indorsements apparently of that character must be taken to mean not merely that the words shown were as a physical fact indorsed upon the note, but as well that they were placed there by the holder or by his authority as memoranda of credits at the time payments were made. No injustice can result from this view. If upon the trial the defendants are shown to have made the payments indicated by the indorsements they are legally liable, so far as the statute of limitation is concerned, and the presentation of that issue cannot take them by surprise and find them unprepared to meet it, for they could not read the petition without being fairly advised of the contention of the plaintiff in that regard.

In *Liphart v. Myers*, 97 Kan. 686, 156 Pac. 693, already referred to, where pleading an indorsement on a note was held not to be equivalent to an allegation of a part payment made at the date indicated, the decision was explicitly based upon the fact that the statute of limitation had run before that time, and the stress placed

upon this feature of the case affords a fair inference that except for this a different conclusion would have been reached. In *Pears v. Wilson*, 23 Kan. 343, the pleading of indorsements of payment, there being no denial thereof under oath, was held to establish the suspension of the statute of limitation. There the petition contained specific allegations that the payments were made by the defendants at the times indicated and that the indorsements were made at their request, and it was admitted that the handwriting was that of the payee. That these considerations do not destroy the bearing of the decision on the present case is shown by this extract from the opinion:

"Now, no allegation of the petition concerning said indorsements on said promissory note was put in issue by any denial verified by affidavit, and hence all said allegations, and said indorsements 'must be taken as true.' And everything that these indorsements will reasonably prove must also be taken as true, unless the contrary is shown to be true. Thus, it must be taken as true that on June 1, 1872, a payment of one hundred dollars was made on plaintiff's said note and mortgage, and that on April 2, 1874, another payment of fifty dollars was made on the note. See 1 Greenl. Ev. §§ 121, 122. And, as men seldom pay debts unless they are liable to pay them, it must also be presumed that these payments were made by said John D. Wilson, who was liable on the note, or by himself and wife, who were jointly liable on the mortgage. Indeed, it will generally be presumed, where a payment is shown to have been made, but where it is not shown who made it, that the party who is under legal obligation to make the same made it. (*Scholey v. Walshy*, Peake's N. P. Cases, 24.) It would be so much outside of the ordinary course of things—so unnatural—that any other person should make the payments, that no presumption or supposition of that kind could be indulged in for a moment; and, presuming that Wilson, or Wilson and wife, made said payments, as the same are indorsed on said note, then neither said note nor mortgage was ever barred by any statute of limitations." (p. 346.)

If a writing on the back of a note purporting to be a memorandum of a partial payment made within five years after maturity is itself some evidence (upon the issue whether the claim was outlawed) of a payment made at that time by the makers of the note, then the allegation of its existence is a sufficient averment, as against a demurrer, of a new starting point of the limitation period, for the defect resulting from pleading evidence instead of issuable facts cannot be reached by demurrer. (Pomeroy on Remedies and Remedial Rights, § 549.) There is some difference of opinion as to the evidential force of the mere fact of an indorsement appearing on a note purporting to show a payment before the running of the statute.

Bernard v. Davidson.

(25 Cyc. 1374; 8 C. J. 1015; 3 R. C. L. 1285; Note, Ann. Cas. 1913A, 1223.)   While the usual view may be to the contrary, such an indorsement is sometimes treated as *prima facie* evidence of its recitals.   (1 Greenleaf on Evidence, §§ 121-123; *Smith and others v. Battens*, 1 Moody & Robinson's Reports, 341, 342; *Carter v. Carter*, 44 Mo. 195; *Bates' Ex'ors v. Best's Ex'ors*, 52 Ky. 215, 218.)   It is not necessary at this time to determine the inherent probative value of an indorsement.   If it is incumbent upon the plaintiff to prove (in case such an issue is raised) by whom and when the indorsements pleaded were made—in effect that they are genuine—that does not impair their force as a matter of pleading.

Language was used in *Elder v. Dyer*, 26 Kan. 604, to some extent in apparent conflict with the conclusion we have reached.   It was there said that because the petition did not allege that the indorsements of payments were placed on the note sued upon at the times of their dates or at any time within the period of limitation, or that they were made by the direction or with the consent of the makers, their effect was merely to give the defendant the benefit of the credits and not to suspend the operation of the statute.   This statement was not only unnecessary to the decision but was outside the controversy presented.   As indicated by the record and confirmed by the briefs in this court, the plaintiff did not rely upon the indorsements as tolling the statute of limitation, and no other issue was presented than whether a letter written by the defendant constituted an acknowledgment of the debt.   The portion of the opinion regarding the effect of setting out the indorsements was obviously written without weighing the considerations bearing on that matter which we have suggested and does not constitute an authoritative declaration on the subject.

The judgment is affirmed.