No. 31,356

M. D. Chandler, Receiver of Diamond Motor Parts Company, *Appellee*, v. Sarah J. Runnels, *Appellant*.

(27 P. 2d 232.)

Opinion filed December 9, 1933.

*George A. Jeffery* and *O. A. Keach*, both of Wichita, for the appellant.

*E. L. Foulke, Roy H. Wasson* and *Clair E. Robb*, all of Wichita, for the appellee.

The opinion of the court was delivered by

Smith, J.: This is an action to collect the statutory liability on stock in a Minnesota corporation owned by a resident of Kansas. A demurrer to the petition was overruled. Defendant appeals.

The petition alleged that on the 23d day of January, 1929, an action was commenced in the United States district court for Minnesota, claiming insolvency of the Diamond Motor Parts Company, a Minnesota corporation, and praying for the appointment of a receiver. The petition then alleged the appointment of a receiver on the same date; that on or about July 10, 1931, the receiver prayed the United States district court for an order making an assessment upon all persons liable as stockholders of the corporation, as provided for in the constitution of Minnesota; that notice of a hearing upon the application was served upon the stockholders, including this defendant, and that the United States district court made an order, a copy of which was attached to the petition. It should be noted that this order recited the facts and made a levy upon each stockholder of one dollar a share. The petition then alleged that a copy of the order was mailed to each stockholder. The petition then alleged that plaintiff was authorized to bring suit against all the stockholders by reason of the statutes of Minnesota as set out in Mason's Minnesota Statutes, 1927, in sections 8027 and 8028 as

amended in part by chapter 205 of the Session Laws of Minnesota for 1931. The petition then quoted the statute. The statute provided that the order should authorize the receiver to bring suit against the stockholders to collect the assessment wherever found. Section 8028 provided for the bringing of the suit unless the receiver should report to the court that a stockholder was insolvent. The section then contained the following language:

"Provided that no action shall be commenced to collect the amount of any such assessment, unless commenced within two years after the insolvency of the corporation, and the appointment of a receiver or assignee, or in the event that the insolvency of such corporation, and the appointment of such receiver or assignee occurred more than eighteen months prior to the passage of this act then within six months after the passage of this act."

This action was commenced on the 15th day of October, 1931. The receiver for the Diamond Motor Company was appointed on January 23, 1929. It will be noted that more than two years elapsed after the appointment of the receiver. This is pointed out by defendant and is relied upon as a reason the demurrer should be sustained. And as to the provision that where the appointment of the receiver occurred more than eighteen months prior to the passage of the act the action could be commenced within six months after the passage of the act, defendant argues that where a plaintiff seeks to take advantage of an exception in a statute he must plead facts sufficient to show that his cause of action falls within the exception. The petition does not allege the date of the passage of the act under which the action is brought except to state that it was passed by the session of the legislature of 1931.

It does not appear on the face of the petition in this case that the action is barred. It was not incumbent on the plaintiff to plead any certain matter that prevented the running of the statute. Such a defense is a proper one to be raised by way of answer or by a special plea. In *Walker v. Fleming*, 37 Kan. 171, 14 Pac. 470, this court held:

"Before a demurrer can be sustained to a petition upon the ground that the plaintiff's action is barred by the statute of limitation, the court must be able to find by an examination of the petition that the cause of action is so barred; and if said petition does not so show upon its face, the demurrer must be overruled." (Syl. ¶ 1.)

In the case at bar the trial court was not able to find by an examination of the petition that the action was barred. It required an

examination of the Session Laws of Minnesota for 1931 to ascertain the date of the passage of the act. As a matter of fact, this examination would have disclosed that the action was filed within six months of the passage of the act and was not barred. This court discussed and considered the question of whether facts bringing the case within the exception must be pleaded in the petition in the case of *Reed v. Humphrey*, 69 Kan. 155, 76 Pac. 390. There the court said:

"There are many cases holding that exceptional conditions relied upon as tolling the statute must be strictly pleaded, but they are ordinarily cases in which the question arose upon demurrer to the reply, or in which the distinction pointed out was not noted. On the other hand, there are well-considered cases holding that averments in the petition suggesting matters that might prevent the running of the statute are subject to the same rule as those regarding the time when the cause of action arose, and that although it is distinctly shown that the statutory period has expired, and is not shown that facts exist to take the case out of the statute, yet the pleading is good against demurrer if it point out some circumstance which may have prevented its running." (p. 157.)

To the same effect is the holding of this court in *Bernard v. Davidson*, 112 Kan. 31, 209 Pac. 668.

In harmony with the authorities cited we have concluded that the petition in this case did not show upon its face that the statute of limitations had run against the cause of action stated in the petition and that the petition was not demurrable on that ground.

Defendant argues that the petition does not state a cause of action because it does not set out the constitutional provision of Minnesota upon which the statute creating the liability is based and because no notice of the hearing for the order levying the assessment in Minnesota was served on defendant. The petition did set out the statute of Minnesota and attached copies of the order of assessment. There is no allegation in the petition that notice was given defendant. Courts of this state are bound to give full faith and credit to the statute and judicial proceedings of another state. (See *Converse, Receiver, v. Hamilton*, 224 U. S. 243, 56 L. Ed. 729.) There is a presumption that the United States district court had authority and jurisdiction to make the order in question.

The judgment of the trial court is affirmed.

HUTCHISON, J., not sitting.