BAKER v. BROUGHTON et al.

No. 31135. Feb. 29, 1944.

*146 P. 2d 832.*

T. F. Shackelford, Cochran & Noble, Kenneth H. Lott, and John L. Norman, all of Okmulgee, for plaintiff in error.

J. Harry Swan, of Okmulgee, and Rittenhouse, Webster, Hanson & Rittenhouse, of Oklahoma City, for defendants in error.

HURST, J. This is an appeal from an order sustaining the motion of the defendants for judgment on the pleadings and opening statement of counsel.

On March 24, 1925, Fanny E. Walker and C. H. Walker executed and delivered to the plaintiff, Stacy Baker, five promissory notes aggregating the principal sum of $10,000, secured by a mortgage on certain real estate in the city of Okmulgee. One of the notes matured each year, the first one year from date and the last five years from date. In 1928, after the mortgage was duly recorded, Fanny E. Walker and C. H. Walker conveyed said real estate to O. H. Richards, who did not assume and agree to pay the mortgage debt. The note maturing one year from date was paid, but the other four notes were not paid. On July 24, 1935, this suit was commenced to recover a money judgment against Fanny E. Walker and C. H. Walker for the amount due on the notes and to foreclose the mortgage. Richards was made a party defendant and was served by publication, he being a nonresident of this state. The action was dismissed as against C. H. Walker. On November 19, 1936, a personal judgment was rendered against Fanny E. Walker for the amount found to be due on said notes, and a decree of foreclosure was entered against both Fanny E. Walker and O. H. Richards, the latter having made default. This judgment became final as against Fanny E. Walker. On August 20, 1937, Laura Bell Broughton, as guardian and next friend of O. H. Richards, an incompetent, filed in said cause a petition to vacate said judgment as against Richards. This petition to vacate was twice amended, and a demurrer to the second amended petition was sustained. From that order an appeal was taken, resulting in a reversal by this court in Richards v. Baker, 186 Okla. 533, 99 P. 2d 118. In the meantime, Richards died and the cause was revived in the names of the defendants as his personal representative, heirs, legatees, and devisees.

The petition by Stacy Baker to recover on said notes and for foreclosure

of said mortgage contained copies of the notes. These copies showed 13 semi-annual indorsements of interest showing interest paid to September 24th and March 24th of each year, the first being "Interest paid to September 24, 1925," and the last being "Interest paid to September 24, 1931." The petition did not specifically allege the making of said interest payments, but did specifically allege the existence of the indorsements. In the petition to vacate the judgment, and in the answer filed for Richards·on January 15, 1938, in connection therewith, it was alleged that the action is barred by the statute of limitations. In the former appeal we held this stated a defense to the petition. After the mandate in the former appeal was spread of record, plaintiff filed a reply in which it was specifically denied that her action is barred by any statute of limitations.

At the trial, plaintiff's attorney, in his opening statement, stated that "the interest on all of these notes was paid from time to time and indorsed upon the back of the notes, the last interest payment being on September 24, 1931." The defendants then moved for judgment on the pleadings and the opening statement, which was sustained and judgment for the defendants was entered accordingly, and this appeal followed.

Three questions for decision are presented, (1) whether the plaintiff's pleadings show that the statute of limitations was tolled as to Fanny E. Walker, (2) whether, if it is tolled as to her, it was also tolled as to O. H. Richards, and (3) whether, since the record shows that Richards was a nonresident of the state, he could avail himself of the statute of limitations.

1. In answering the first question we must keep in mind that, in passing upon a motion for judgment on the pleadings and opening statement, the court is governed by the same rules that apply to a demurrer to a pleading. In passing upon each, the pleading assailed must be liberally construed in favor of the pleader, and all facts well pleaded, together with all inferences. which may be reasonably drawn therefrom, must be taken as admitted to be true. Lyons v. Lyons, 182 Okla. 108, 76 P. 2d 887; Hughes v. Bizzell, 189 Okla. 472, 117 P. 2d 763. And in passing upon such a motion the movant must be deemed to admit not only the truth of all facts well pleaded in the pleadings and stated in the opening statement of the opposite party together with all inferences to be reasonably drawn therefrom, but also the untruth of his own allegations which have been denied. Boland v. Boland, 171 Okla. 437, 43 P. 2d 79; Taylor v. Campbell, 139 Okla. 110, 281 P. 243.

When these rules are applied in the instant case, we are of the opinion, and hold, that the inference that the interest payments were made as shown by the indorsements on the notes, by one owing the notes or some one acting for him or her, and on the dates indicated, may be fairly drawn from the petition. Pitts v. Walker, 188 Okla. 17, 105 P. 2d 760; Bernard v. Davidson, 112 Kan. 31, 209 P. 668. This inference to be drawn from the petition is strengthened by the reply which specifically denies that the action is barred by the statute of limitations as alleged by the defendants, since the action is barred unless tolled, and the only circumstance contained in the pleadings that would toll the statute is the payments as shown in the indorsements on the notes. And the case of the plaintiff was further strengthened by the opening statement of counsel, above quoted.

Since the action was commenced within five years after the last interest payment is alleged, by inference, to have been made, the pleadings and opening statement do not show that the action is barred as against Fanny E. Walker, one of the makers of the notes.

2. Do the pleadings show that the action is barred as against O. H. Richards and the defendants, who succeeded to his interest on his death? We think not. The last interest payment is, by inference, alleged to have been made on September 24, 1931. The notice by

publication to Richards was first published March 19, 1936, which was less than five years after the last interest payment is alleged to have been made, but more than five years after the notes became due. The question, then, is whether a payment by the mortgagor tolls the statute of limitations as against a grantee of the mortgaged premises, who takes with notice of the mortgage but does not assume and agree to pay the mortgage, where such payment is made after the conveyance by the mortgagor but before the bar of the statute has become complete. This question must be answered in the affirmative. Smith v. Bush, 173 Okla. 172, 44 P. 2d ·921, 101 A. L. R. 330, and James v. Wingate, 179 Okla. 224, 65 P. 2d 452. See, also, 37 C. J. 1165, note 81; 101 A. L. R. 337, at 346, annotation.

The defendants cite several cases that have to do with the burden of proving payments that it is claimed toll the statute of limitations. The question here relates to the law of pleading, not to the law of evidence or the burden of proof. The cases relied on are, therefore, not in point. The plaintiff admits that she has the burden of proving the facts tolling the statute as alleged in her petition.

Since the pleadings made an issue of fact as to whether the action is barred by the statute of limitation, and since the opening statement contains no admission that the action is barred, the court committed reversible error in sustaining the motion for judgment on the pleadings and opening statement. Lyons v. Lyons, above.

·In view of what we have said, we find it unnecessary to discuss the third proposition argued by plaintiff.

Reversed for a new trial.

CORN, C. J., GIBSON, V. C. J., and OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur. RILEY and ARNOLD, JJ., dissent.

---

RILEY, J. (dissenting). The majority opinion, in so far as it holds that the allegation of the existence of an indorsement of interest payment on a promissory note, without an allegation of payment of such interest, is sufficient to raise the inference that such payment was actually made, so as to toll the statute of limitations, is in conflict with the prior decisions of this court as well as the general rule in the vast majority of jurisdictions.

In Texas Title Guaranty Co. v. Shepherd, 184 Okla. 599, 89 P. 2d 337, it is held that where the indorsement of partial payment on a promissory note is relied upon to save the note from the bar of the statute of limitations, and issue is properly joined thereon, the burden is upon the plaintiff to show that such payment was actually made at the time stated, and that it was made by and with the consent of the payor. Therein it is said:

"But the mere production of the note in such case bearing thereon an indorsement of partial payment is insufficient to establish payment as a toll of the statute of limitations. As stated in 37 C. J. 1151, sec. 630, 'It is the payment and not the indorsement on the evidence of debt that operates to toll the statute.' . . . Therefore, the mere indorsement produces no presumption that payment was actually made where such payment is relied upon to save the action from the bar of the statute. Though an indorsement of payment has been held to raise a presumption of payment in favor of the debtor claiming the credit (8 C. J. 1015, § 1321), the rule is otherwise where the indorsement is relied upon to toll the statute. The correct rule in such case as gathered from the decisions in the vast majority of jurisdictions is that where an indorsement on a promissory note, made before the bar of the statute of limitations attaches, is relied on to save the cause of action upon the note from the operation of such statute, the burden of proof is upon the plaintiff to show that the payment was actually made at the time alleged, or that it was made by or with the consent of the payor."

In Flanagan v. Oxley, Ex'r, 190 Okla. 564, 126 P. 2d 707, it is said:

"It is the payment and not the indorsement, as the evidence of payment, that tolls the statute where the issue is joined by answer."

That general rule is stated in 37 C. J. 1151. In support of the text cases are cited from Arkansas, Kansas, Maine, Michigan, Missouri, North Carolina, Pennsylvania, South Carolina, and Washington. No cases holding to the contrary are cited.

In J. M. Arthur & Co. v. Burke, 83 Wash. 690, 145 P. 974, it is held:

"The fact of part payment within the statutory period, not the formal entry crediting the amount to the debtor on the creditor's books, tolls the statute of limitations."

In Liphart v. Myers, 97 Kan. 686, 156 P. 693, it is held:

"A receipt of money, indorsed on the back of a promissory note after the statute of limitations has barred action, does not indicate part payment by the maker, which would revive liability."

—and:

"In an action on a note bearing such an indorsement, the petition must allege payment by the debtor in order to remove the apparent bar of the statute."

Bernard v. Davidson, 112 Kan. 31, 209 P. 668, cited in the majority opinion, seems to support the contrary rule, but does not overrule Liphart v. Myers, supra.

My view is that Bernard v. Davidson, supra, is not only contrary to the prior decision of the Kansas Supreme Court, but is contrary to the general, and almost universal, rule. It is likewise contrary to the well-known rule that it takes two parties to make a contract and it takes two parties to make a payment on a promissory note—the payor who makes the payment and the payee who receives it. It is a dangerous rule to permit the holder of a note to create evidence in his own behalf which would extend the time within which suit might be maintained on the note, without the knowledge or consent of the payor.

Pitts v. Walker, 188 Okla. 17, 105 P. 2d 760, cited in the majority opinion, is not controlling. That was an action on an open account and not upon a note which, upon its face, showed that the statute of limitations had run.

I cannot concur in the majority opinion, and respectfully dissent.

ARNOLD, J., concurs in this dissent.