## ROSS et al. v. LEE.

No. 8609—Opinion Filed April 16, 1918.

(172 Pac. 444.)

(Syllabus.)

**1. Limitation of Actions — Part Payment**

A credit of a debt owing by the creditor to the debtor is sufficient to lift the bar of limitations when made with the consent of the debtor.

**2. Mortgages—Action to Foreclose—Determination of Issues.**

L. sued S. on promissory note and to foreclose a mortgage on certain lands. R. by plea of intervention claimed title to the land, superior to the mortgage under tax deed. The trial court rendered judgment foreclosing the mortgage and decreeing sale of the land, refused to determine the issues made by the tax deed, but enjoined R. from thereafter asserting any interest in or claim to the lands. Held, reversible error to foreclose interest without determining the issues presented by the tax deed.

Error from District Court, Harper County; W. C. Crow, Judge.

Suit by F. J. Lee against Anon H. Smith and another, in which R. H. Ross filed a plea of intervention. Judgment for plaintiff against defendants and against intervener, and the defendants and intervener bring error. Judgment against defendants affirmed, and judgment against intervener reversed, and cause remanded, with directions to grant intervener a new trial.

Dick & Lewis, for plaintiffs in error.

J. L. Griffitts, for defendant in error.

OWEN, J. F. J. Lee brought suit in the district court of Harper county against Anon H. Smith and Lizzie Smith on a promissory note and to foreclose a mortgage on certain land executed to secure the payment of the note. R. H. Ross filed a plea of intervention and was made a party defendant, claiming the land under a tax deed, and also claiming a judgment lien superior to the mortgage. Judgment was for Lee against the Smiths on the note and foreclosing the mortgage, and against Ross only to the extent of decreeing the mortgage lien superior to the judgment lien claimed by Ross. Ross and the Smiths bring the case here.

It appears the Smiths admitted the execution of the note and mortgage, but sought to defeat the same by the statute of limitations. The note would be barred by the statute of limitations but for two credits, $2.60 on July 16, 1907, and $2.50 on June 28, 1912. It appears that Smith owed Lee an amount on open account, and on July 16, 1907, paid $2.60 in settlement of this account. This amount was paid to one of Lee's employes and credited on the open account. A few days later, by agreement between Lee and Smith, this credit was transferred from the open account to the note. On June 28, 1912, Smith, at the instance and request of Lee met with Lee at a place some distance from Smith's home; Lee's purpose being to collect the note. After learning from Smith that he was unable to pay at that time, but entirely willing to do so, it was agreed that Lee would allow Smith $2.50 for his time and trouble in coming to that point to meet Lee, and by agreement the note was credited with $2.50. The lower court held these payments to lift the bar, and with that conclusion we agree.

Counsel cite cases supporting the well-settled rule that a credit of a debt owing by the creditor to the debtor is not sufficient to lift the bar, when made against the consent of the debtor. That rule has no application to the facts here. The rule is equally well settled that, when the credit is made with the consent of and by agreement with the debtor, it will constitute payment and interrupt the statute. 25 Cyc. 1380; McKeon v. Byington, 70 Conn. 429, 39 Atl. 853; State Nat. Bank v. Harris, 96 N. C. 118, 1 S. E. 459; Eureka Cedar L. & S. Co. v. Knack, 95 Wash. 339, 163 Pac. 753.

The judgment so far as it relates to Anon H. Smith and Lizzie Smith must be affirmed. It appears from the record that the trial court refused to determine the issues presented by the tax deed pleaded and offered in evidence by Ross, but, notwithstanding this, enjoined and foreclosed Ross from any right, interest, estate, or equity in or to the

land in question. In the journal entry appearing in the case-made, it is said:

"It is further ordered by the court that no action be had upon the answer and petition of the intervener, R. H. Ross, as regards the validity of said tax deed, as to whether said tax deed is prior or superior to the mortgage of plaintiff, and the court makes no judgment or order passing on the interest of said intervener, R. H. Ross, in said tax deed."

The journal entry concludes, however, as follows:

"It is further ordered and adjudged by the court that from and after the sale of said lands and after the payment of this judgment and decree, that the defendants, Anon H. Smith, Lizzie Smith, Andrew Hanson, and R. H. Ross, and all persons claiming under them since the commencement of this action be and are forever barred and foreclosed from all lien, right, title, interest, estate, or equity of, in, or to said lands and tenements or any part thereof."

The judgment of the trial court against Anon Smith and Lizzie Smith is affirmed, but reversed as to Ross and the cause remanded, with directions to grant Ross a new trial and proceed to determine the issues presented by the tax deed.

BRETT, MILEY, and TISINGER, JJ., not participating. The other Justices concur.