## CHAMPLIN REFINING CO. et al. v. CRISP.

No. 28562. Jan. 24, 1939.

Nathan Scarritt, E. S. Champlin, and G. C. Loving, for plaintiffs in error.

Meacham, Meacham & Meacham, for defendant in error.

GIBSON, J. This appeal is from a verdict and judgment rendered November 8, 1937, by the district court of Custer county in an action for damages alleged to have been sustained by defendant in error (plaintiff below) through the negligence of the plaintiffs in error (defendants below) in their transportation by truck, on October 15, 1934, of a dismantled oil derrick over a public highway, so that a leg of said derrick was permitted to fall and remain on the highway and thereby cause injury to plaintiff's person and damage to his automobile.

Defendants filed joint motions for new trial and present their appeal upon their joint petition in error.

Three propositions are urged for reversal, the first of which is:

"Error of the court in refusing to sustain the separate demurrers to the evidence of the defendants, Champlin Refining Company and R. R. Wysong, and error of the court in refusing to sustain the separate motions of the defendants, Champlin Refining Company and R. R. Wysong, for directed verdicts."

The answer of defendant Wysong was a separate general denial. Defendant Champlin Company, in addition to its general denial, "specifically denies that any of the load being hauled by the defendant R. R. Wysong for the defendant Champlin Refining Company on or about October 15, 1934, became dislodged from the said truck during the process of transportation. * * * That the load on said truck consisted of one complete pumping derrick, and that after the defendant R. R. Wysong was induced to take the extra derrick leg which was found on the highway on to the defendant's truck, there was then one complete pumping derrick plus the additional derrick leg."

As stated in the brief of plaintiffs in error, the main issue in the case is whether or not the derrick leg in question belonged upon the Champlin truck with the rest of the load.

Under defendants' first proposition it is contended that plaintiff failed to make competent proof of the scope and extent of Wysong's authority to load the derrick leg on the load he was hauling, when stopped at Erick, Okla. They assert that plaintiff produced no evidence from which that authority might be determined, other than by the admission of Wysong, excluded by the court as to the Champlin, that the leg was from his load, as testified by plaintiff.

Admittedly, Wysong was employed by the Champlin Company; was driving its truck loaded with its derrick, and was transporting the same over the highway in question.

After the collision by plaintiff with the derrick leg lying on the highway, he telephoned to towns ahead to stop a truck loaded with such material, and then proceeded to Erick in the car of another, on which car he had wired the offending derrick leg.

The record discloses that, aside from the excluded admission of Wysong, proof was given, among other matters, that on examination of the truck at Erick the load contained material like the lost leg; the truck load chains were loose; that Wysong, after some discussion, went to plaintiff's car, unwired the leg, and placed it upon his truck and that the leg was pushed back up in the place on the truck where it came from, and Wysong drove on. It was further shown that the truck in question had recently traveled over the road where the accident occurred. These matters constitute competent circum-

stantial evidence to show that the article in question had fallen from the truck.

Defendant Wysong in behalf of himself and the Champlin Company, on direct examination, testified in detail as to his acts and statements at the time of his loading the derrick leg at Erick. That examination included inquiry by counsel for defendants as to Wysong's previously excluded admission that the leg was a part of his load. The evidence was conflicting as to the facts and circumstances attending the condition of the load, and the taking and loading of the derrick leg by Wysong after he had been stopped at Erick. Whether or not from all the competent evidence adduced, Wysong acted within the scope and extent of his employment in taking the derrick leg was for the jury to decide. We are of the opinion there was sufficient competent evidence from which the jury could decide, as they did, that the derrick leg belonged to and was a part of Wysong's original load. Where the scope and extent of the agency is to be determined on conflicting evidence it is a question of fact. Williams v. Mays Lbr. Co., 149 Okla. 201, 299 P. 885; Catlin v. Reed, 141 Okla. 14, 283 P. 549; Franklin Bond Corp. v. Smith, 163 Okla. 70, 20 P.2d 912, 914; Ginner & Miller Pub. Co. v. N. S. Sherman, etc., Works, 93 Okla. 221, 220 P. 650.

Questions of agency and scope of agent's authority may be proved by circumstantial evidence, and are for the trier of facts. Phillips Petroleum Co. v. Ward, 181 Okla. 462, 74 P.2d 614; Beasley v. Sparks, 163 Okla. 15, 20 P.2d 584; Loveland v. Loafman, 92 Okla. 133, 218 P. 851.

Upon consideration of defendants' second proposition, the charged error of the court in giving instructions 1 and 10, we find instruction 1 was not given as that instruction is set forth in defendants' brief. That instruction contained the court's statement of the case and the issues therein. We find no error in the giving of that instruction. We have also examined instruction 10, which related, in part, to the measure of damages, and are of the opinion that defendants suffered no prejudice thereby.

Defendants' third proposition charges insufficiency of the evidence to sustain the verdict and that the same is contrary to law. In that connection defendants argue, among other matters, that in view of the record it would have been more probable that the derrick leg had fallen from another truck than that it had fallen from the truck of the Champlin Company. There is competent evidence to support the verdict. The weight and value of that evidence was for the determination of the jury.

The judgment is affirmed.

BAYLESS, C. J., and OSBORN, CORN, DAVISON, and DANNER, JJ., concur. WELCH, V. C. J., and RILEY and HURST, JJ., absent.