WESTERN UNION TELEGRAPH CO. v. MARTIN, Adm'r.

*95 P. 2d 849.*

No. 28933.   Nov. 7, 1939.

Geo. S. Ramsey, Villard Martin, Garrett Logan, and R. J. Stanton, all of Tulsa, for plaintiff in error.

Joseph C. Stone and Charles A. Moon, of Muskogee, for defendant in error.

PER CURIAM.   This appeal is from a judgment of the district court of Muskogee county which was entered on the 15th day of June, 1938, in favor of Loyd Martin, administrator of the estate of Lila Martin, deceased, against the Western Union Telegraph Company, a corporation, as defendant. The judgment was based upon two causes of action: One for conscious pain and suffering and the other for wrongful death. Position of the parties here is the reverse of that occupied in the trial court. We will hereinafter refer to them as they appeared below. The parties waived a jury and tried the cause to the court. The defendant requested certain findings of fact. The court made some of the findings so requested and denied others, and also made and filed in said cause its own independent findings of fact, wherein it found, in substance, that the plaintiff's intestate had been injured by one of the defendant's messengers in the course of his employment. In accordance with the findings so made, the court rendered judgment in favor of plaintiff on both causes of action, which judgment was entered on March 16, 1938. The defendant gave notice of appeal, bond to supersede the judgment, and caused a case-made to be prepared and served on counsel for the plaintiff preparatory to lodging appeal in this court. It was then discovered that the court had omitted to make any finding with reference to the first cause of action pleaded in plaintiff's petition. Plaintiff called this omission to

the attention of the court, and thereupon the court vacated its former judgment, made additional findings of fact, and re-entered under date of June 15, 1938, the judgment in favor of the plaintiff. The defendant has prosecuted this appeal.

As grounds for the reversal of said judgment, defendant assigns 18 specifications of error, which it discusses under four general propositions. The contentions so made resolve themselves into two, which are, in substance, as follows: First, the findings and judgment are without support of any competent evidence; second, the trial court had no authority to vacate its former judgment, make additional findings, and then re-enter the judgment.

That the plaintiff in order to impose liability upon the defendant had to prove that the boy who injured his intestate was both an employee of, and engaged in the performance of some duty for, the defendant at the time the alleged tort was committed is too well settled to require any extended citation of authorities. See Neilan Co., Ltd., v. Miller, 175 Okla. 104, 52 P. 2d 783; Barall v. McDonald, 172 Okla. 276, 44 P. 2d 997. The proof thus required did not have to be established by direct evidence, but could be established by circumstantial evidence. See Champlin Refining Co. v. Crisp, 184 Okla. 248, 86 P. 2d 784. The evidence adduced at the trial and upon which the court based its findings of fact was, in substance, to the effect that the boy who injured plaintiff's intestate was riding a bicycle which bore a sign with the words "Western Union" thereon, and in addition was wearing a uniform such as are customarily worn by Western Union messengers, and was seen to recover some papers which in color and size appeared to be similar to the envelopes used by the defendant to inclose its messages, and the additional evidence that the defendant employed a number of such messengers, furnished them their uniforms, and required them to wear such uniforms while on duty and to don and doff the same at its office before going on and off duty. This evidence, we are of the opinion, was sufficient to support the finding of fact with reference to both the employment and that the boy was in the performance of the duties required of him by the defendant at the time the tort was committed. See Deep Rock Oil Corp. v. Fox, 178 Okla. 516, 63 P. 2d 24. We hold that there is competent evidence to support the findings of fact and the judgment.

We next inquire whether the court had authority to set aside the judgment of March 16, 1938, and make additional findings of fact and re-enter the judgment without a further trial.

That the district courts of this state have a wide and extended discretion in opening judgments and in setting aside or modifying proceedings had in said courts, if done at the term in which the judgment is rendered or the proceedings are had when all the parties are present before the court and no advantage is taken of either party, is no longer an open question in this jurisdiction. Welborn v. Whitney, 179 Okla. 420, 65 P. 2d 971; Barnes v. Bruce, 63 Okla. 270, 165 P. 405.

In the case at bar the court acted within the term at which the judgment had been rendered and had all the parties before it at the time and no advantage appears to have been taken of either. It appears further that the court in re-opening the judgment for the purpose of making additional findings which it had omitted to make was merely correcting an error of law which had been made by the court. Under such circumstances there was no necessity for any further trial even though the defendant requested such. See Georgia Home Ins. Co. v. Halsey, 37 Okla. 678, 133 P. 202; Dunn v. Carrier, 40 Okla. 214, 135 P. 337.

The case of First National Bank of Ardmore v. Commissioners of Land Office, 127 Okla. 190, 260 P. 60, cited by defendant, involves a situation where proceedings were had after term. We have repeatedly held that in such case a different rule applies and a different principle of law is involved.

Judgment affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, and DAVISON, JJ., concur.