PITTS v. WALKER.

No. 29462. Sept. 24, 1940.

*105 P. 2d 760.*

Ralph A. Barney, of Pawhuska, for plaintiff in error.

Leander Hall, of Hominy, for defendant in error.

GIBSON, J. This is an appeal by defendant below from an order of the trial court vacating its former judgment rendered on the pleadings in favor of defendant.

The action was on an ordinary open account that had extended over a period of eight or nine years. The last payment thereon was made by defendant within three years prior to the commencement of the action.

The answer, in addition to a general denial, pleaded the statute of limitations (sec. 101, O. S. 1931, 12 Okla. St. Ann. § 95).

Plaintiff moved for judgment on the pleadings, and the court rendered judg-

ment in his favor only for those items charged within the three years next preceding the commencement of the action, and denied recovery for all items entered prior thereto on the theory that as to those items the action was barred by the three-years statute (sec. 101, supra, subd. 2).

Subsequently, at the same term, the court, on plaintiff's motion, vacated the judgment and granted a new trial on the theory that evidence was essential to the proper determination of the issues as raised by the pleadings.

Defendant takes the position that the judgment on the pleadings was correct, and that the order vacating the same was for that reason erroneous as a matter of law.

The trial court has full control over its orders and judgments during the term at which they are rendered, and may, in the exercise of its sound discretion, vacate or modify the same for sufficient cause shown. Montague v. State ex rel. Commissioners of the Land Office et al., 184 Okla. 574, 89 P. 2d 283. In any case, where the judgment is based on an error of law, the court may vacate the same at the term in which it was rendered. 34 C. J. 289; see, also, Western Union Telegraph Co. v. Martin, Adm'r, 186 Okla. 24, 95 P. 2d 849.

If the court erred in rendering judgment on the pleadings in the first instance, then its order vacating such judgment on that ground would not amount to an abuse of discretion notwithstanding plaintiff may have invited the error by moving for judgment.

Considerable argument is devoted to the question whether the judgment on the pleadings was appropriate. Defendant contends that the account sued upon was a simple open account, and that the court was correct in holding that each item therein was a separate transaction and recovery thereon barred as to all such items of over three years' standing. Sharp v. Miller, Adm'x, 94 Okla. 217, 221 P. 747.

Assuming that the statute would run on each item as defendant contends, the petition did not show that the statute had actually run on any of them. The account attached thereto and made a part thereof showed that a payment had been made on said account within the three-year period. If made with the intent that it should apply on the balance then due, the payment would toll or revive the statute. Section 107, O. S. 1931, 12 Okla. St. Ann. § 101; Ross v. Lee, 68 Okla. 125, 172 P. 444; Street v. Moore, 172 Okla. 336, 45 P. 2d 73.

Under the simplified form of pleading an account as provided by section 235, O. S. 1931, 12 Okla. St. Ann. § 301, the petition in the instant case was sufficient in every respect, and a credit shown on the account was equivalent to a direct allegation that the payment was made by defendant on the balance then due. The burden is upon plaintiff in such case to prove the allegation.

It has been held that a payment made upon an open running account is presumed to have been made to apply upon the balance unpaid (37 C. J. 1145), but under our decisions it appears that no such presumption obtains in this state. It cannot be presumed, however, that a debtor under such circumstances has selected a particular item or items on which to make payment.

By the weight of authority the statute commences to run on each item of an open running account at the time of the entry thereof. It was so held in Sharp v. Miller, above. But the plaintiff in such case may defeat the plea of the statute by showing that a payment on the balance due had been made by defendant within the statutory period.

The pleadings here established neither a case for plaintiff nor a defense for defendant; they did not show affirmatively that the statute had run. Plaintiff by his motion for judgment may have invited the error, but the trial court in its discretion could correct the error of law committed in rendering the judgment on the pleadings.

In Sharp v. Miller, above, judgment rendered on pleadings very similar to those in the instant case was affirmed, but the only question presented was whether the account was a mutual or an open running account. It appears that the plaintiff in that case conceded that if the account was an open running account, the action was barred.

The judgment is affirmed.

BAYLESS, C. J., and CORN, HURST, and DANNER, JJ., concur.