## ELECTRIC SUPPLY CO. v. GARLAND.

No. 29289. Sept. 24, 1940.

*105 P. 2d 758.*

Samuel A. Boorstin and Samuel H. Minsky, both of Tulsa, for plaintiff in error.

John F. Sharp, of Oklahoma City, for defendant in error.

GIBSON, J. Plaintiff below appeals from a judgment rendered in favor of defendant below on the former's action on an open account.

The cause was tried to the court without a jury. Defendant's plea of limitations was sustained. Whether or not the action was barred thereby is the single question presented here.

The last payment on the account was made in April, 1931. This action was commenced in December, 1936. The action is governed by the three-year statute of limitations. Section 101, O. S. 1931, 12 Okla. St. Ann. § 95.

Defendant resided in Oklahoma in April, 1931. Thereafter he was out of the state at intervals and for varying periods. The proof as to the periods during which defendant was personally present in or absent from the state was given by defendant himself. No definite dates were fixed.

The statute commenced to run in April, 1931. Defendant's departure from the state here involved was after the action accrued. The second clause of section 104, O. S. 1931, 12 Okla. St. Ann. § 98, in substance, provides that if the debtor depart from the state after the action accrues, the time of his absence shall not be computed as any part of the period within which the action must be commenced. Under this clause the statute ceases to run until the debtor returns to the state.

Plaintiff claims the aggregate of defendant's absences from the state during the period of 1931 to 1936 left a period in the aggregate of less than three years when he was in the state. Defendant claims the record shows the contrary. The bar of the statute is available where the periods of presence in the state aggregate the statutory period, in this case three years. Gibson v. Simmons, 77 Kan. 461, 94 P. 1013, and cases therein cited; Knupp v. Hubbard, 130 Okla. 111, 265 P. 133.

Both parties in their briefs attempt to make exact calculations as to the periods defendant was personally present within the state, plaintiff's calculations fixing the total time of defendant's presence at less than three years, while defendant's calculations fix that total time as in excess of three years during the 1931-1936 period. Both parties agree on the period of presence from November, 1932, to December, 1934, as being between five and six months. Upon review of the record we find that for that period the time present to have been in excess of twelve months. With this correction, according to the calculations of either party as to the remainder of the entire period, the defendant was personally present an aggregate of more than three years between the applicable dates.

Plaintiff was under necessity to, and did, plead defendant's absence so as to avoid the bar of limitations. The burden of proof of that allegation rested upon the plaintiff. Rice v. Burgess, 124 Okla. 177, 254 P. 746. The question of whether defendant was absent from the state so as to toll the statute for a sufficient length of time to avoid its bar was one of fact. Shell Petroleum Corporation v. Town of Fairfax, 180 Okla. 326, 69 P. 2d 649.

That defendant during the period may have had property within the state does not suspend the statute during his absence. Knupp v. Hubbard, supra.

The proof relating to the time of defendant spent in court attendance in Tulsa county while a resident of Oklahoma county is so insubstantial as to not affect the application of the statute.

Our examination of the record causes us to conclude that plaintiff failed to sustain its burden of showing the tolling of the statute for a sufficient period to avoid the limitations bar. James v. Wingate, 179 Okla. 224, 65 P. 2d 452.

The judgment is affirmed.

BAYLESS, C. J., and CORN, HURST, and DANNER, JJ., concur.