## HARVEY v. FRIZZELL.

No. 33780.   July 11, 1950.

Rehearing Denied Oct. 3, 1950.

*222 P. 2d 752.*

Paul Pugh, of Oklahoma City, for plaintiff in error.

Porter H. Morgan, of Oklahoma City, for defendant in error.

CORN, J. Plaintiff brought this action to recover on an account for rent due upon a business building which defendant occupied as a tenant from October 1, 1932, until March 1, 1945. The petition alleged the relationship of landlord and tenant continued during all of this period on a running account basis; that defendant made rent payments only at irregular intervals during his tenancy, and that the sum of $2,359.50 was due and owing upon the accumulated balance.

Defendant answered by general denial, and plea that plaintiff's cause of action was barred by the statute of limitations (12 O. S. 1941 §95 (2) ), not having accrued within three years from the date the action was filed. Plaintiff replied by a general denial. A jury was waived, and the issues presented were tried to the court.

Plaintiff's evidence established defendant's rental of the property on a monthly basis under an oral contract, and that there was an accumulated balance of rent due over the period of tenancy amounting to $2,359.50. He testified defendant's rent was due the first of each month, but his unpaid rent was carried on the books, and when defendant was delinquent for any month, this amount was added to the balance then owing; that defendant would go for long periods without paying, and then would bring in payments which were credited on the balance due. Plaintiff did not personally handle the transaction when defendant made the last payment, amounting to two months' rent, and did not know whether defendant designated the period to which this was to be applied, although he admitted defendant might have done this. He also testified that he owed defendant about $100 for printing work which defendant had done.

There was no substantial conflict between defendant's evidence and the matters set out above. Defendant introduced a photostatic copy of the check which he gave in making the last rent payment. This check, dated February 28, 1945, bore the following notation: "Jan. and Feb. rent." This payment was within three years prior to date plaintiff brought this action.

Defendant further testified that plaintiff's ledger sheets, which were admitted in evidence without objection, failed to give him credit for items of printing which he had furnished plaintiff, but that he did not have his own records; that plaintiff never furnished a statement of the rent account during his tenancy; that the payments credited to him on plaintiff's ledger were payments on his rent account and he understood they were made for this purpose. Defendant did not dispute that he owed a balance for rent, nor claim that the last check paid what he owed.

After hearing all the evidence the trial court found that the tenancy ar-

rangement was a continuous service furnished by plaintiff, and that the February check was a payment upon the balance due, and for this reason the statute of limitations had not run against plaintiff's cause of action. Defendant was allowed a credit of $100, and judgment was rendered for plaintiff for the rent, less this credit, plus interest and costs.

In seeking to reverse the judgment rendered defendant relies upon two propositions: (1) A debtor owing a debt composed of several items has the right to direct to which item the payments he makes shall be applied. (2) The statute of limitations begins to run on an item of account on the date of entry thereof.

The argument in support of the first contention is that under the decisions of this court it is settled that when a debtor owes more than one debt, or a debt composed of several items, he may direct to which debt, or particular item, his payment is to be applied. See Waples-Platter Grocery Co. v. Hardin, 85 Okla. 49, 204 P. 433. And, defendant insists that, since by his notation on the check with which the last rent payment was made, he did give such direction, the duty devolved upon plaintiff to apply such payment to these particular items of his rent account.

However, this argument is not persuasive in view of the record, and the trial court's judgment based thereon. The record reflects that from 1934, until the end of defendant's tenancy, the defendant was always indebted to plaintiff for his rent. During this period defendant's payments on his obligation were irregular, and varied from amounts of as little as $20 to as much as $300 payments made upon the overall balance due. Also included in defendant's credits was one item amounting to $341.54, appearing to have been credited to the account by reason of printing furnished to plaintiff. And, during all of the tenancy defendant's payments, other than those he was able to make upon the due date, appear simply as credits upon the rent balance. Moreover, it is noteworthy that during the calendar years of 1943-1944, defendant made no payments whatever, such two years' delinquencies simply being added to the balance due. Then, at the termination of his tenancy, which was voluntary, defendant presented his check purporting to be for the final two months' rent, rather than another payment on the balance due as he had made payments theretofore.

We are of the opinion that the trial court's finding that the defendant's final payment was simply a payment upon a general balance due was correct. This record reflects a long continued course of dealing between these parties whereby defendant was extended credit and was permitted to make payments upon his indebtedness when and if he was able to pay. And, during such period he was credited with items which he furnished plaintiff in lieu of cash payments upon his rent account. The evidence is amply sufficient to support the trial court's finding in regard to this last payment, that it was defendant's intention to make a payment upon the balance due. In Pitts v. Walker, 188 Okla. 17, 105 P. 2d 760, syllabus 2 is as follows:

"A payment made on open account by the debtor with the intention that such payment be applied on the balance then due will set the statute of limitations in motion anew as to all items entered prior to said payment."

It is unnecessary to consider the argument under defendant's second contention. Although correct as an abstract proposition, the application of this rule cannot take place where there has been a payment made which tolls or revives the statute. Pitts v. Walker, supra.

Judgment affirmed.

DAVISON, C. J., and GIBSON, HALLEY, and O'NEAL, JJ., concur. WELCH, LUTTRELL, and JOHNSON, JJ., dissent.