**Theodore DRAKOS, Plaintiff in Error,**

v.

**Dr. J. D. EDWARDS, Defendant in Error.**

**No. 40158.**

Supreme Court of Oklahoma.

Sept. 17, 1963.

C. R. Wood, Tulsa, for plaintiff in error.

Grady S. Cornett, Tulsa, for defendant in error.

WILLIAMS, Justice.

The questions here presented are whether plaintiff's petition filed in the trial court stated, and his evidence proved, a cause of action as against defendant's claim that such cause showed upon its face that the statute of limitation had run against it.

Defendant in error, an osteopathic physician and surgeon, initiated this action against plaintiff in error to recover on an open account for professional services. After trial to the court, judgment was entered against plaintiff in error. The latter appeals on the original record from an order of June 14, 1962, overruling his motion for a new trial. The parties are designated hereinafter as they appeared in the trial court.

In his petition filed on September 29, 1961, plaintiff alleged that defendant was indebted to him for the sum of $322.00 for services rendered defendant and another. An itemized and duly verified account was attached to the petition as a part thereof.

In his verified answer, defendant denied that he was indebted to plaintiff. He further pleaded that the account was barred by the statute of limitation.

On June 28, 1962, a "Stipulation" signed by the attorneys for the respective parties was filed in the trial court. Therein the parties stipulated that in the trial only one witness testified for each side; that the attorney for plaintiff "testified in substance that prior to filing said action some few months before said filing, he contacted defendant about the payment of said account and it was tentatively agreed that said defendant would pay approximately $5.00 per week on said account; that thereafter he took a prepared receipt for $5.00 and again went to defendant's place of business anticipating such payment; that at that time the defendant paid him $5.00 in cash and was given the original receipt; that the following week he again prepared a receipt for $5.00 and went to defendant's place of business in anticipation of another payment in like sum, but was informed by defendant he was unable to make any payment at that time and he thereupon informed defendant it would be necessary for him to bring suit to reduce said account to judgment, which suit (being the one involved herein) was thereafter filed"; that the defendant testified in substance that no payment had ever been made upon the account sued on for a

period of more than three years; that "attorney for plaintiff did contact him about said account and was informed that it was impossible for him to pay anything on said account; that said attorney did have a receipt for $5.00 with him, but that he paid him nothing on the account and the attorney took the receipt back with him when he left."

For reversal defendant advances but one proposition. It is

"* * * That the statute of limitations applied in this matter * * * since the pleadings show upon their face that said action was barred * * *"

In support of such proposition defendant refers to 12 O.S.1961 § 95. In pertinent part it is as follows:

"Civil actions other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

* * * * * *

"Second. Within three (3) years: An action upon a contract express or implied not in writing; * * *"

Defendant states that "in support of our contention, we respectfully call the court's attention to the pleadings themselves—The petition (and attached exhibit) and our verified answer filed thereto." Defendant cites the case of Electric Supply Co. v. Garland, 188 Okl. 21, 105 P.2d 758 and quotes paragraphs one and two of the editorial syllabus as follows:

"The three-year statute of limitations was controlling in determining whether action on open account was barred. 12 Okl.St.Ann. § 95.

"The statute of limitations commenced to run on action on open account on the date of the last payment on the account. 12 Okl.St.Ann. § 95."

The verified account statement attached to the petition indicated that professional services were first rendered by plaintiff to defendant on November 6, 1952, for which

a charge of $15.00 was made; that services were rendered intermittently thereafter and charges therefor made until May 7, 1958, and that defendant was given credits for payments of $25.00 on January 31, 1958, $100.00 on June 6, 1958, and $5.00 on June 6, 1961, respectively, leaving an unpaid balance of $322.00.

■ In the case of Pitts v. Walker, 188 Okl. 17, 105 P.2d 760, 761, this Court said:

"Assuming that the statute would run on each item as defendant contends, the petition did not show that the statute had actually run on any of them. The account attached thereto and made a part thereof showed that a payment had been made on said account within the three year period. If made with the intent that it should apply on the balance then due, the payment would toll or revive the statute. Sec. 107, O.S.1931, 12. Okl.St.Ann. § 101; Ross v. Lee, 68 Okl. 125, 172 P. 444; Street v. Moore, 172 Okl. 336, 45 P.2d 73."

In the case of Harvey v. Frizzell, 203 Okl. 424, 222 P.2d 752, 754, we said:

"We are of the opinion that the trial court's finding that the defendant's final payment was simply a payment upon a general balance due was correct. This record reflects a long continued course of dealing between these parties whereby defendant was extended credit and was permitted to make payments upon his indebtedness when and if he was able to pay. And, during such period he was credited with items which he furnished plaintiff in lieu of cash payments upon his rent account. The evidence is amply sufficient to support the trial court's finding in regard to this last payment, that it was defendant's intention to make a payment upon the balance due. In Pitts v. Walker, 188 Okl. 17, 105 P.2d 760, syllabus 2 is as follows: 'A payment made on open account by the debtor with the intention that such payment be applied on the balance then due will set the stat-

ute of limitations in motion anew as to all items entered prior to said payment'"

In the case at bar there was squarely presented to the trial court the issue of whether the payment on the account in question in the amount of $5.00 was pleaded and proven and the statute of limitation thereby tolled. The claims of the parties and their evidence were contradictory. That court determined the issue against the defendant.

■ In the case of D. W. L., Inc. v. Goodner-Van Engineering Company, Okl., 373 P.2d 38, 43 we set forth the rule approved many times previously, that:

"There is competent evidence to support the trial court's judgment. In an action at law, where the jury is waived, the determination of the trial court has the same force and effect as the verdict of a properly instructed jury, and its judgment will not be disturbed on appeal, if there is any competent evidence to support it. Western Steel Erection Co. v. Gatlin, Okl., 319 P.2d 607."

See also the case of Lowe v. Hickory et al., 176 Okl. 426, 55 P.2d 769. In that case in the third paragraph of the syllabus, we said:

"It is for the jury, or the trial court upon waiver of jury, to determine the credibility of the various witnesses, and the weight and value to be given to their testimony. The conclusion there reached upon these points will not be disturbed on appeal, unless appearing clearly to be based on caprice or to be without any reasonable foundation."

■ The rules established by the above decisions of this Court lead to but one conclusion. The finding of the trial court in favor of the plaintiff must be sustained.

■ In the trial court, and pursuant to 12 O.S.1961 § 936, plaintiff, as a part of his judgment, received an award of $75.00, attorney's fee. He requests a further award of attorney's fee for the handling

of the appeal herein. In circumstances of this case, a further award of $100.00, attorney's fee, is deemed appropriate and is hereby made.

Judgment in the sum of $322.00 is hereby rendered against Theodore Drakos, principal, and Roy Plouch, Jr. and Don Gunn, sureties, on their supersedeas bond filed herein, together with interest at 6% from October 10, 1958; and the further sums of $75.00, attorney's fee allowed by the trial court and $100.00, attorney's fee allowed on this appeal and the costs of this action, such judgment to be enforced by the trial court as if therein rendered.

Affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.