James R. SCHELL and Maryland National Insurance Company, a Maryland Corporation, Plaintiffs in Error,

v.

STATE of Oklahoma ex rel. David HALL, County Attorney of Tulsa County, Oklahoma, Defendant in Error.

No. 41547.

Supreme Court of Oklahoma.

Sept. 13, 1966.

Rehearing Denied Nov. 22, 1966.

Gordon L. Patten, Tulsa, for plaintiff in error.

Ted Flanagan, Asst. County Atty. of Tulsa County, for defendant in error.

JACKSON, Vice Chief Justice.

This is an appeal from a judgment for plaintiff and order overruling defendant's motion for new trial in an action to recover upon a forfeited appearance bond, brought by the State of Oklahoma ex rel. David Hall, County Attorney of Tulsa County, against the defendants, the principal and surety on the bond. No service of summons was had on the principal and no judgment was taken against him. The defendant surety company (Maryland National Insurance Company) appeals.

In its brief, defendant Company argues the single proposition that plaintiff's evidence was insufficient to prove that the appearance bond had actually been forfeited. The argument is based upon the premise that the journal of the court, show-

ing the entry of the order forfeiting appearance bond, was not formally introduced in evidence.

In this connection the Chief Deputy Court Clerk testified in part as follows:

"Q. All right, Now, will you refer to the files of the case and state whether or not the court signed an order (forfeiting bond) to that effect.

"A. Yes, sir, an order was filed against the defendant, James R. Schell, order forfeiting the appearance bond that was made by Maryland National Insurance Company, Attorney-in-Fact, Sue Henderson.

"Q. And that was signed by the Judge of the Court?

"A. Yes, sir, Donald D. Cameron.

"Q. And Has this order been duly recorded in the journal of the Court?

"A. Yes, Sir.

"Q. And what book and page?

"A. Book 237, page 527.

\* \* \* \* \* \*

"Mr. Flanagan (counsel for the plaintiff): We offer in evidence the bond, the appearance docket, and the files of the Court and the Court Journal where the order appears.

"The Court: Any objection?

"Mr. Patten (counsel for defendant): We have no objection.

"The Court: It will be admitted."

There is no merit in defendant's contention. The foregoing testimony distinguishes this case from Selby v. State, Okl., 302 P.2d 775.

The judgment is supported by competent evidence.

In an action of legal cognizance, where a jury is waived and the cause is tried to the court, its judgment will not be disturbed on appeal if there is competent evidence to support it. Drakos v. Edwards, Okl., 385 P.2d 459.

The judgment of the trial court is affirmed.