Freddy V. DIXON, Fred L. Boss and Maryland National Insurance Company, a Maryland Corporation, Plaintiffs in Error,

**v.**

STATE of Oklahoma ex rel. David HALL, County Attorney of Tulsa County, Oklahoma, Defendant in Error.

No. 41661.

Supreme Court of Oklahoma.

Oct. 11, 1966.

Rehearing Denied Nov. 29, 1966.

Gordon L. Patten, Tulsa, for plaintiff in error.

Ted Flanagan, Asst. County Atty. of Tulsa County, for defendant in error.

JACKSON, Vice Chief Justice.

This is an appeal from judgment for plaintiff and order overruling defendant's motion for new trial in an action to recover upon a forfeited appearance bond brought by the State of Oklahoma ex rel. David Hall, County Attorney of Tulsa County, against Freddy V. Dixon, principal upon the bond and defendant in the criminal case, and Fred L. Boss and Maryland National Insurance Company, sureties upon the bond. No service of summons was had upon Dixon. Although Boss was named in the first paragraph of the bond as one of the sureties, he signed it only in the capacity of attorney-in-fact for the corporate surety, Maryland National Insurance Company. Judgment was taken against the company, which appeals.

In this court, the defendant company urges that performance of the conditions of the bond was rendered impossible "by operation of law" within the meaning of the rule set out in the second paragraph of the syllabus in Ramer v. State ex rel. Ward, Okl., 302 P.2d 139.

The argument is that on October 5, 1964, the day the order forfeiting bond was made in the criminal case, Dixon was a member of the United States Army and that such fact constituted an "act of the law" within the meaning of the rule in the Ramer case preventing Dixon's appearance.

At the outset, we note that the record does not support this argument. It shows that at the end of plaintiff's case, defendant's demurrer to the evidence was overruled. The only proceedings thereafter were as follows:

"Mr. Patten: Let the record show at this time, if the Court please, we make this offer of proof. Colonel, Provost Marshall, Howard B. Wells, in a letter dated October 22, 1964, stated that the defendant Freddy V. Dixon was apprehended in Indianapolis, Indiana, and released to Military Police on the 18th day of September, 1964, and therefore due to the fact that he was in military service, a member of the United States Army, that we are unable to perform under the bond; we were prevented from doing so by the United States Government."

Plaintiff objected to the offer on the ground, among others, that the letter was not properly identified, and the objection was sustained upon that ground. The defendant excepted to the court's ruling and then rested without offering further evidence. Thus, there is no competent evidence in the record that Dixon was in fact in the military service at the time of the forfeiture, and in the defendant's brief on appeal, no complaint is made of the trial court's refusal of the offer of proof in that regard.

Defendant company cites no authority from this jurisdiction (or any jurisdiction) on the precise question of whether

·the fact of military service alone is a sufficient defense in an action upon a forfeited bail bond. As a general rule, however, several other factors are also considered—whether the military service was voluntary or involuntary, the time of entry into the service, whether a pass or furlough was requested or denied, and the location of the principal's military station. See 8 Am. Jur.2d Bail and Recognizance, Sections 196 et seq.

Assignments of error, unsupported by authority, will not be reviewed, unless it is apparent without further research that they are well taken. Witt v. Westheimer, 182 Okl. 645, 79 P.2d 250. After a careful review of the entire record, we find that the judgment is supported by competent evidence. In such case, it will be affirmed. Drakos v. Edwards, Okl., 385 P.2d 459.

The judgment of the trial court is affirmed.