**CENTRAL NATIONAL BANK AND TRUST COMPANY, Appellant,**

v.

**Lavern M. STETTNISCH and Enid Business Machines, Inc., Appellees.**

**No. 65998.**

Court of Appeals of Oklahoma, Division No. 3.

Feb. 17, 1987.

Douglas L. Jackson, Enid, for appellant.

Roger L. Johnston, Enid, for appellees.

HUNTER, Judge:

The Appellees executed a promissory demand note to the Appellant, on August 25, 1980, in the principal amount of $39,945.78. The Appellees made periodic payments on the note, with the last payment being made on November 21, 1984, in the amount of $1,420.00.

The Appellant filed a Petition on December 13, 1985, seeking money judgment for the balance of $17,973.07, due on the note. The Appellees filed a Motion to Dismiss Appellant's Petition on the grounds that the cause of action was barred by 12 O.S.1981 § 95, in that the Petition was not filed within five (5) years of the date of the note. The Appellant objected to the Motion to Dismiss, arguing that less than five (5) years had expired from the date of the last payment on the note. The trial court ruled that the payments on the note were irrele-

vant and that the period of limitation ran from the date of the note without regard to whether any payments were made on the note and entered judgment dismissing the action. This appeal was timely commenced.

The issue presented is whether partial payments on a demand note serve to extend the five (5) year limitation.

Both parties presented briefs to the trial court. Unfortunately neither party brought the trial court's attention to 12 O.S. § 101 or 12A O.S. § 1–103.

■ The trial court came to the conclusion that the code comments to 12A O.S. § 3–122(1)(b) were incorrect. This is not so. The comment is that the new section is in accord with previous Oklahoma law. That is a true statement in that previous Oklahoma law held that the cause of action on a demand note accrued, and the statute of limitations began to run, from the date of the loan.

■ Under 12 O.S. § 95 a civil cause of action upon a written contract, agreement or promise must be brought within five (5) years after the cause of action shall have accrued. Under 12A O.S.1981 § 3–122(1)(b) a cause of action accrues against a maker of a demand instrument upon its date, or, if no date is stated, on the date of issue. Applying only these two statutes to the fact that the demand note was executed on August 25, 1980 and suit was filed on December 13, 1985, one could easily conclude that the claim was barred. However, reliance only on the two above statutory sections fails to take into consideration 12 O.S.1981 § 101 which provides, in effect, that partial payment extends the time within which to bring an action in any case founded on contract, and 12A O.S.1981 § 1–103 which provides that the general statutes and case law of the state shall *supplement* the Uniform Commercial Code.

■ There is no question that partial payment on an open account either tolls or revives the statute of limitations. *Drakos v. Edwards*, 385 P.2d 459 (Okl.1963). *See*

*also, McLaughlin v. Laffoon Oil Company*, 446 P.2d 603 (Okl.1968).

The principle or theory on which part payment removes the bar of the statute is that the payment is an acknowledgment or admission of the existence of the indebtedness which raises an implied promise to pay the balance, or that the payment, by its own vigor, revives the debt, no matter how old the debt may be. The efficacy of a payment to avert the effect of the statute resides in the conscious and voluntary act of the debtor, and may be qualified and limited as a new promise may be. 54 C.J.S. § 321. This was and still is the law in Oklahoma.

For the reasons above stated, the judgment of the trial court is REVERSED and this matter is REMANDED for further proceedings consistant with this opinion.

HANSEN, P.J., and BAILEY, J., concur.